# CHARLESTON.

MILLER v. STATE BOARD OF AGRICULTURE.

Submitted January 17, 1899—Decided April 1, 1899.

1. MANDAMUS—*Contracts*.
   A mere contract will not be enforced by *mandamus*. (p. 195).

2. CONSTITUTIONAL LAW—*Suits Against State–Contracts*.
   As the state cannot be sued, *mandamus* or other' judicial process will not lie against state officers or boards to compel them to execute an executory contract between an individual and the state. Though the state is not in name a party, such suit is against it, within the meaning of the provision of the Constitu tion prohibiting suit against the state. (pp. 193–195).

Application by A. G. MILLER, for writ of *mandanus* against the State Board of Agriculture.

*Writ Denied.*

FLOURNOY, PRICE, & SMITH, for petitioner.

WATTS & ASHBY, for respondent.

BRANNON, JUDGE:

Albert Gallatin Miller entered into a contract, January 2, 1899, with the State, through the commissioners of public printing, to do all the printing for the State for two years, under chapter 16, Code 1891. The state board of agriculture, claiming that the printing required in the exercise of its public functions does not fall under that contract, refused to allow Miller to do its printing, and employed the Donnally Publishing Company to do it. Miller therefore askes this Court to award him a peremptory *mandamus* to compel said board of agriculture to have him do its printing. The board moves to quash the *mandamus nisi*, which motion raises the questions of law on which the case turns. At once we meet the question whether we can compel the board to do what is asked of it. Miller's

right grows only out of his contract. *Mandamus* does not lie to enforce contract rights of a private and personal nature. High, Extr. Rem. § 25. But, as courts do by *mandamus* compel public officers to perform acts purely ministerial, I suppose, where no other principle prevents, that if a person has a right to have an officer perform such act for his benefit under the law, the fact that it grows out of contact would make no difference. It is claimed that when this contract is once made it is the duty of the departments of government to which it applies simply to execute it, and they have no discretion in the matter, and the duty is simply a ministerial one, commanded by the statute. I shall not enter that wide field of intricate law as to how far the courts can control the administration and functions of the executive department; but, treating the action which we are asked to compel the board to do as purely ministerial, and not discretionary with it, I shall inquire whether this Court can compel that action by *mandamus*. In *Railway Co.* v. *Miller*, 19 W. Va. 408, it is held that, although the State cannot be sued, yet an injunction will lie against the auditor to restrain him from the performance of a mere ministerial duty, and the opinion states that the right to sue a state officer, when the State cannot be sued, either to require or inhibit the performance of a mere ministerial duty, has been repeatedly held. That case was to enjoin the auditor from taxing a railroad company in disregard of an exemption claimed by it. It can afford no precedent for this case. This case is the enforcement of a contract against the State. The general law is that a State cannot be sued without its consent. Const. Art VI. Sec. 35, provides that "the state of West Virginia shall never be made a defendant in any court of law or equity." The question then arises, is this suit against the State? It is not, in name, a party, and Chief Justice Marshall once laid down that, in order to say that a suit is against a state, it must be a party to the record in name. *Osborn* v. *Bank*, 9 Wheat. 738, 857. But the supreme court has, as I think properly, overruled that position. The state acts only by officers, and where the action against them is based on no personal interest, but only because officers, and the liability falls, not on them, but the

state, the state is the real party.    The federal constitution prohibits a suit in a federal court against a state by a citizen of another state or country, and thus the question has arisen in the supreme court as to when a suit is against a state, and it has been held that whether a state is the actual party defendant in a suit within the meaning of the eleventh amendment is to be determined by a consideration of the nature of. the case as presented by the whole record, and not in every case by reference to the nominal parties to the record.    In order to secure the manifest purpose of the constitutional exemption guaranteed by the eleventh amendment, it should be interpreted, not literally and too narrowly, but with the breadth and largeness necessary to enable it to accomplish its purpose; and must be held to cover, not only suits brought against a state by name, but those against its officers, agents, and representatives, where the state, though not named, is the real party against which the relief is asked and judgment will operate.    If a bill in equity be brought against the officers and agents of the state, the nominal defendants having no personal interest in the subject matter of the suit, and defending only as representing the state, and the relief prayed for is a decree that the defendants may be ordered to do and perform certain acts, which, when done, will constitute a performance of an alleged contract of the state, it is a suit against the state for the specific performance of the contract within the terms of the eleventh amendment, though the state may not be named as a defendant; and, conversely, a bill for an injunction against such officers and agents, to restrain and enjoin them from acts which they threaten to do, in pursuance of a statute of the state, in its name for its use, and which, if done, would constitute a breach on the part of the state of alleged contract between it and complainants, is in like manner a suit against the state within the meaning of that amendment, although the state may not be named as a party defendant.    *In re Ayres*, 123 U. S. 443, (8 Sup. Ct. 164).    *Hagood* v. *Southern*, 117 U. S. 52, (6 Sup. Ct. 608), asserts the same principle.    I have recently observed that the case of *Fitts* v. *McGhee*, 172 U. S. 516, (19 Sup. Ct. 269), reiterates this doctrine and contains a full discussion

of it. In *Publishing Co.* v. *Larrabee*, 78 Iowa, 97, (42 N. W. 593), *mandamus* was asked against the executive council to compel it to enter into a contract for printing pursuant to an accepted bid, and to enjoin it from making a contract with another, and it was held that, "though the state is not nominally a party, it is the real defendant, and such an action cannot be maintained against it without its consent." Same principle in *Board* v. *Gannt*, 76 Va. 455. In *People* v. *Dulaney*, 96, Ill. 503, the commissioners of the penitentiary made a contract with a party to furnish convicts for labor, and the supreme court refused a *mandamus* to compel the commissioners to furnish them, for the reason, among others, that the constitution, like ours, provided that the state "shall never be made defendant in any court of law or equity, and prohibits this court from enforcing a contract made by the commissioners for convict labor by *mandamus*, as its effect would be to give an action against the state." "State officers cannot be made respondents in a petition for *mandamus* if the effect will be to make the proceeding a suit against the state in a case where the state cannot be sued." 13 Enc. Pl. & Prac. 654. The board of agriculture is a "department of the state government," in the language of section 11., chapter 33, acts 1895. Its members are State officers. They have no personal interest in this matter. The board and its members are parties only as representing the State. What they may be compelled to do will operate only against the State. Miller simply is enforcing a private contract with the State by compelling one of its agencies to perform it. So far as it lies with that board to perform that contract, it alone can do so; the contract cannot otherwise be performed; and it therefore follows that the suit is purely a suit against the State to enforce its executory contract, and the Constitution says it shall not be sued, even if the Legislature were to consent. A contract with the State is without legal sanction, as it cannot be enforced by judicial action. The only remedy is appeal to the officers charged with its execution, and, when executed, to the Legislature for pay. If the govrenor, auditor, or superintendent of schools were to refuse to execute this contract, could we compel them? I think not. Neither could we compel this

board. We cannot compel the State officers to carry out an executory contract. It rests with them. *Mandamus* refused.

*Writ Denied.*