## CHARLESTON.

THE MILLER SUPPLY COMPANY *v.* STATE BOARD OF CONTROL.

Submitted June 12, 1912.    Decided May 20, 1913.

STATE—*Action Against—What Constitutes—State Board of Control.*

    The State Board of Control is a direct governmental agency of the state; an action on a contract made by that board in the line of its state agency is in reality and substance a suit against the state itself and can not be maintained.

Error to Circuit Court, Cabell County.

Action by the Miller Supply Company against the State Board of Control.    Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*George S. Wallace,* for plaintiff in error.

*William G. Conley,* Attorney General, for defendant in error.

ROBINSON, JUDGE:

May a suit be maintained against the State Board of Control for goods, wares, and merchandise furnished to one of the state institutions upon the alleged order of that board? Is not such an action one against the state, within our constitutional limitation which reads: "The State of West Virginia shall never be made defendant in any court of law or equity"? These are

the questions brought to us. They arise upon the ruling of the trial court in sustaining a demurrer to the plaintiff's declaration.

Our decision is that the action can not be maintained—that it was rightly dismissed on demurrer. The State Board of Control is a direct governmental agency of the state. True, the statute creating that board made it a corporation. But still as such corporation it is only a state governmental agency. When it acts, it acts for the state in the administration of state affairs. Its contracts are the contracts of the state. Further true, the statute says it may sue and be sued. It may be that by appropriate process some mere ministerial duty of the board may be controlled. This we do not decide, for the question is not now before us. Certain it is, no contract or property right of the state can be brought into litigation in the courts by a suit against that board. The state has a direct, immediate, and total interest in every valid contract made by the State Board of Control, and in truth and in substance any suit on a contract with that board is a suit against the state. Principles recognized and discussed in *Miller* v. *State Board of Agriculture,* 46 W. Va. 192, are controlling here. They need not be repeated. It is said that the board involved in that case was not a corporation. That fact makes no distinction. It was a state agency, though not incorporated. Principles applicable to an unincorporated state agency, in relation to whether a suit against it is in substance one against the state, are as clearly applicable to a corporate agency of the state. The same test applies. That test is: Is the matter involved the state's matter?

In *Railway Co.* v. *Conley,* 67 W. Va. 129, this court held that the particular suit against a state officer could not be considered one against the state itself. But in that decision the principle we now apply was plainly recognized. It was distinctly made to appear, by way of exception, that whenever a suit against an officer or agency of the state involves a contract right or liability on the part of the state government, or property belonging to it, the suit is in reality one against the state itself.

Reference has been made to *Tompkins* v. *Kanawha Board,* 19 W. Va. 257. It suffices to say that the defendant therein was not an agency in the government of the state—not one having to

do directly with the administration of state government as the State Board of Control has.

Let us append that which has been deduced from the cases as the generally accepted view of the subject in hand: "Suits against officers of a state as representing the state in action and liability, and in which the state, although not a party to the record, is the real party against which relief is sought and in which a judgment for plaintiff, although nominally against defendant as an individual, could operate to control the action of the state or subject it to liability, are suits against the state. A broad line of demarcation separates such suits, in which it is sought to compel the performance, by affirmative official action on the part of defendants, of an obligation which belongs to the state in its political capacity, from suits against defendants personally on account of wrongs done or threatened to the personal or property rights of plaintiffs without authority or under color of authority unconstitutional and void. It seems that the rule which forbids a suit against state officers because in effect a suit against the state applies only where the interest of the state is through some contract or property right, and it is not enough that a state should have a mere interest in the vindication of its laws, or in their enforcement as affecting the public at large or the rights of individuals or corporations; it must be an interest of value in a material sense to the state as a distinct entity." 36 Cyc. 915.

An order affirming the judgment will be entered.

*Affirmed.*