# CHARLESTON.

ZELLA BARBER, *Adm'x. v.* SPENCER STATE HOSPITAL.

Submitted January 22, 1924. Decided January 29, 1924.

STATES—*Declaration for Wrongful Death Against Institution Under Management of Board of Control Demurrable.*

> Where one is employed by a state institution under the management of the Board of Control, and in the course of such employment sustains injuries from which he dies, an action for damages brought by his administrator against such institution is in effect a proceeding against the state, and a demurrer to the declaration asserting such claim is properly sustained.

Certified questions from Circuit Court, Roane County.

Action by Zella Barber, administratrix of the estate of

Alonzo Barber, deceased, against the Spencer State Hospital. A demurrer to the declaration was sustained, and the questions certified.

*Ruling affirmed.*

*Wm. S. Ryan* and *Thos. P. Ryan,* for plaintiff.
*Harper & Baker,* for defendant.

MEREDITH, PRESIDENT:

Zella Barber, administratrix of the estate of Alonzo Barber, deceased, sues to recover damages for the wrongful death of her decedent. She names as defendant the ''Spencer State Hospital (formerly Second Hospital for the Insane), a corporation.''

She charges that while the decedent was employed by defendant in operating a motor tractor on the State Farm in Mason County, the defendant negligently permitted the tractor and certain of its parts to become and remain insecure and unsafe; that while the tractor was in such condition, the decedent, acting under instructions from defendant, and without knowledge of its defects, undertook to operate the machine; that while so doing in a prudent and careful manner, the tractor suddenly went into reverse, became unmanageable, and decedent was thrown violently against the machine which the tractor was pulling and was so severely injured that he died some time later. The declaration also alleges that the superintendent of the defendant institution refused to render medical aid to the decedent after he was taken to the hospital, and that defendant had not elected to pay into the Workmen's Compensation Fund; on account of all which, plaintiff claims damages.

Defendant demurred to the declaration. The circuit court sustained the demurrer, and upon its own motion certified the following questions to this court:

1. Does the declaration set up a cause of action?

2. Can this suit be maintained under the laws of this state against defendant?

3. Is this suit against this state?

4. Is the defendant bound by what is known as the "Workmen's Compensation Act" in this state?

5. Should said demurrer have been sustained or overruled?

Defendant is a hospital for insane persons, supported entirely by state funds, and located at Spencer, Roane County. Its chief defense, as raised by the demurrer, is that being a state institution, this action is one against the state, and for that reason it can not be maintained. Manifestly, that is the controlling question presented here.

Plaintiff contends that defendant is a corporation, and that as such it can sue and be sued. However, such is not the law, and was not the law either at the time the accident here complained of occurred, or when the suit was brought. By sec. 5, ch. 58, Acts 1909, (sec. 5, ch. 15-M, Code, 1923), the title to all the property of defendant, and all control and management thereof. was vested in the State Board of Control, which board was created by section 1 of the same act. The board so created succeeded to the powers and duties of the various boards and commissions formerly in charge of state institutions, and was made a corporation with power to contract and be contracted with, to sue and to be sued, and to use a common seal. Chapter 51, Acts 1915, changed the name of defendant from "The Second State Hospital for the Insane" to the name it now bears, but left its management in the hands of the Board of Control. Chapter 31 of the Acts of the same year amended the Act of 1909, which created the Board, in several respects, one change being to omit the expression authorizing the Board to sue and be sued.

These statutes make it very clear that defendant is not a corporation, no more so than the State University or the penitentiary; the title to all of its property and the management of all its affairs is committed to the State Board of Control, which is a body of three men appointed by the Governor with the advice of the State Senate, and called a corporation. Obviously, any claim asserted against defendant must be addressed to the Board.

Assuming that the declaration filed in this case can be properly treated as a claim against the Board of Control, is it not barred as an action against the State?

Three cases decided by this court decide the matter. In *Miller* v. *State Board of Agriculture*, 46 W. Va. 192, 32 S. E. 1007, plaintiff had a contract with the commissioner of printing to do the state's printing for two years. The Board of Agriculture claimed the right to contract for its own printing, and Miller sought a writ of mandamus to compel the defendant to perform the contract. The writ was refused on the ground that the proceeding was virtually a suit against the state. Similar to that case is *Miller Supply Co.* v. *State Board of Control*, 72 W. Va. 524, 78 S. E. 672. There a civil action was brought for goods furnished the state, but this court held that there was no power to compel the Board, exercising its discretionary authority as an agent of the state, to perform the contract sued on. Lastly, there is the case of *State ex. rel. Gordon* v. *State Board of Control*, 85 W. Va. 739, 102 S. E. 688, in which Gordon sought by mandamus to compel the Board to supply him a certain number of convicts under a labor contract. In refusing the relief, the court reviewed the cases above cited, and referred to §35, Art. VI of the State Constitution, which says: "The State of West Virginia shall never be made defendant in any court of law or equity." While, as in the present case, the State was not made a party *eo nomine*, there as here the proceeding was in fact against the state. As stated in that decision, "The State Board of Control is but the state's agent." There the agency involved the control of the penitentiary, here it. involved the control of the Spencer State Hospital, and in attempting to sue the agent, the real party defendant is the State. This can not be under the Constitution.

We need not again distinguish between these cases and those in which state officers are compelled by mandamus to perform their ministerial duties. That subject is fully considered in the Gordon case. Nor is the case of *Tompkins* v. *Kanawha Board*, 19 W. Va. 257, a parallel to the one at bar. Judge JOHNSON, in his opinion in that case, made it very clear that the Kanawha Board, a corporation, created to carry out certain public improvements, was not the state, nor an agency of the state's sovereignty. The distinction is aptly noted in *Miller Supply Co.* v. *State Board of Control, supra*:

"Reference has been made to *Tompkins* v. *Kanawha Board*, 19 W. Va. 257. It suffices to say that the defendant therein was not an agency in the government of the state, not one having to do directly with the administration of state government as the State Board of Control has."

Our answer to the first three questions certified, therefore, is that this is an attempted action against the state, the declaration therefore sets up no cause of action, and it can not be maintained under the laws of the state.

As to the fourth question, whether or not the defendant is bound by the Workmen's Compensation Act, sec. 9, ch. 15-P, Barnes' Code, 1923, makes the State of West Virginia an "employer" subject to the provisions of the Act. However, that statute does not bind or compel employers to pay into the fund, it gives them the opportunity to elect to do so; if they do not so elect, they can not interpose certain recognized defenses in actions for personal injuries. The state, however, needs no such defenses, it can not be sued for damages. It is therefore not "bound" by the act in the sense that it loses any legal rights if it does not pay into the compensation fund.

No cause of action being set up by the declaration, the circuit court's ruling sustaining the demurrer is affirmed, and we so answer the questions certified.

*Ruling affirmed.*