# CHARLESTON.

W. F. MAHONE v. THE STATE ROAD COMMISSION OF WEST
VIRGINIA.

(C. C. 341.)

Submitted September 2, 1925.    Decided September 8, 1925.

STATES—*State Road Commission Not Subject to Tort Action.*

The State Road Commission of West Virginia is a direct
governmental agency of the State, and as such is not sub-
ject to an action for tort.

(States, 36 Cyc. p. 919.)

(NOTE:    Parenthetical references by Editors, C. J.—Cyc.    Not
part of syllabi.)

Questions Certified from Circuit Court, Wayne County.

Action by W. F. Mahone against the State Road Commis-
sion and others.    The court sustained a demurrer to plaintiff's
declaration, and certified questions to the Supreme Court of
Appeals.

*Affirmed in part; reversed in part.*

*Lovins & Marks,* for plaintiff.
*C. W. Ferguson,* for defendants.

HATCHER, JUDGE:

This is a certified case from the Circuit Court of Wayne
County.    The declaration consists of four counts.    The first
count charges that the State Road Commission of West Vir-
ginia, a corporation, the County Court of Wayne County, a
corporation, and C. E. Price were engaged in the construction
of a "certain public highway," commonly known as the Tug
River Highway in said county "at or near" a parcel of land
owned by the plaintiff; that it was the duty of the defendants
to provide the land of the plaintiff with lateral support; that
they entered upon a "certain disused or abandoned portion of
the county road adjacent to the land of the plaintiff" and
there negligently and improperly made a large excavation,
and that by reason of such excavation being below the level
of the plaintiff's land, the plaintiff's land slipped, was broken,

and rendered useless to the plaintiff, whereby he sustained $5,000.00 damages.

The second, third and fourth counts contained the same allegations as the first count, except that the second count charges that the road was being constructed by the State Road Commission of West Virginia, a corporation, the third count charges that the road was being constructed by the County Court of Wayne County, a corporation, and the fourth count charges that the highway was being constructed by C. E. Price. The Circuit Court sustained a demurrer to the declaration and to each count thereof, and on motion of the parties certified the following questions to this court:

> "First, Can the State Road Commission of West Virginia be sued upon the grounds set forth in the declaration herein?
>
> Second, Is the declaration herein sufficient in law?
>
> Third, Can the joint Defendants herein be declared against separately as in the second, third, and fourth counts of the declaration herein?"

(1). By virtue of section 35, article 6, of the Constitution, an individual has no right of action against the state. He has no greater right against an agency of the state to which it has delegated performance of certain of its duties. The State Road Commission is such an agency. Therefore, the plaintiff herein cannot maintain his action against this Commission. The law in relation thereto is thoroughly established by the decisions of this court in *Barber, Admx.* v. *Spencer State Hospital,* 95 W. Va. 463, in *Miller* v. *State Board of Agriculture,* 46 W. Va. 192, in *Gordon* v. *State Board of Control,* 85 W. Va. 739, and in *Miller Supply Co.* v. *State Board of Control,* 72 W. Va. 524.

The case of *Tompkins* v. *The Kanawha Board,* 19 W. Va. 257, relied on by counsel for plaintiff, is not parallel to the one at bar. The defendant in the Tompkins case was not an agency having to do directly with the administration of the State government. This distinction is sharply drawn by Judge ROBINSON in the *Miller Supply Co.* case, *supra.*

(2). The first and second counts of the declaration are bad for the above reasons. The third count is defective because it is not shown that the Tug River Highway was a county district road. The fourth count, to-wit: the one against C. E. Price states a cause of action.

(3). As the declaration is good only as to C. E. Price, the third question becomes moot and no answer thereto is necessary.

The ruling of the Circuit Court in so far as it sustained the demurrer to the fourth count of the declaration is reversed, otherwise it is affirmed.

*Affirmed in part; reversed in part.*