# CHARLESTON.

W. S. DOWNS *et al.* v. HON. I. GRANT LAZZELLE, *Judge et al.*
and STATE ROAD COMMISSION *v.* HON. I. GRANT LAZZELLE,
*Judge et al.*

(Nos. 5765, 5768)

Submitted November 23, 1926. Decided December 7, 1926.

1. PROHIBITION—*Prohibition Will Not Lie Against Inferior
   Court or Judge Thereof to Deprive it or Him of Right to
   Pass Upon Extrinsic Facts Determinative of Jurisdiction.*

   Prohibition will not lie against an inferior court or a judge
   thereof to deprive it or him of the right to pass upon the ex-
   trinsic facts determinative of jurisdiction.   (p. 668.)

2. TRESPASS—*Officer or Other Agency of State Does Not Repre-
   sent State in Committing Trespass or Other Unlawful Act,
   and Without Right or Lawful Process Enters Upon Land
   or Property of Another, He Becomes Personally Liable for
   Damages so Unlawfully Inflicted, for Which Suit at Law
   or in Equity, as Right May be, May be Maintained Against
   Him.*

   An officer or other agency of the State does not represent
   the State in committing a trespass or other unlawful act, and
   if without right or lawful process he enters upon the land
   or property of another, he becomes personally liable for the
   damages so unlawfully inflicted, and for which a suit at law
   or in equity, as the right may be, may be maintained against
   him.   (p. 671.)

3. IMMUNITY—*Immunity of State Can Not be Invoked by an
   Officer or Agent of State to Protect Him Against Unlaw-
   ful or Unwarranted Act.*

   The immunity of the State can not be invoked by an offi-
   cer or agent of the State to protect him against his unlaw-
   ful or unwarranted act.   (p. 671.)

4. TRESPASS—*State Road Commission of State and County Court
   Cooperating With it, May be Restrained by Injunction
   From Unlawful Invading Private Property of Another
   Tearing Down Walls and Digging up Soil and Shrubbery,
   When Such Act Would Amount to Trespass.*

   The State Road Commission of this State and a county
   court cooperating with it, may be restrained by injunction
   from unlawfully invading the private property of another and

tearing down his walls and digging up his soil and shrubbery, when such act would amount to a trespass.   (p. 668.)

5.   SAME—*Suit for That Purpose Maintained in Circuit Court of County Where Unlawful Act is About to be Committed or is Threatened, Notwithstanding Provisions of Section 4, Chap. 37, Code, 1923.*

And a suit for that purpose may be maintained in the circuit court of the county where the unlawful act is about to be committed or is threatened, notwithstanding the provisions of section 4 of chapter 37, Code 1923.   (p. 672.)

LITZ AND WOODS, JUDGES, absent.

Original Jurisdiction.

Rules in Prohibition W. S. Downs and others petitioners against Hon. I. Grant Lazzelle, Judge, etc. and State Road Commission petitioner against same respondents.

· *Writ denied.*

*Howard B. Lee,* Attorney General, *R. Dennis Steed, R. A. Blessing* and *J. Luther Wolfe,* Assistants Attorney General, for petitioners.

*Frank Cox,* for respondents.

MILLER, JUDGE:

By separate rules in prohibition, petitioners in the first entitled case seek to prohibit respondents from prosecuting against them; first, a suit in trespass for unlawfully and wrongfully breaking and entering the messuage and close of respondents Robert S. Radcliff and Gail Radcliff, and tearing down and destroying the retaining wall in front of their property, and tearing up the soil and shrubbery within said close, situated on the public road between Fairmont and Morgantown, in Monongalia County; and in the second case petitioner seeks to prohibit respondents from prosecuting against Hon. I. Grant Lazzelle, Judge, etc. and State Road injunction suit, restraining them and each of them from entering upon or taking and appropriating a · strip of land belonging to plaintiffs, lying alongside the public road, for the purpose of widening said road, or for any purpose, without the consent of the owners, or acquiring the right to do so, and for general relief.

Respondents met the petition in each case with motions to dismiss, demurrers and answers, the answers denying all the material allegations of the petitions on which petitioners aver right or title to that portion of respondents' land abutting on the public road upon which the alleged trespass was committed, and denying any right or title to pull down or destroy said retaining wall and shrubbery as alleged, situated upon their property.

The basis of petitioners' claim or right to prohibit is substantially the same in both cases:

First, absolute and indefeasible title in the State to the strip of land on which the retaining wall was located, and lawful right to enter and tear down the wall;

Second, that the trespass suit against Downs and others, employees of the State Road Commission, is in legal effect a suit against the State, and is inhibited by section 35 of article vi of the Constitution;

Third, that both suits being against public officers, and agents of the State Road Commission, a distinct public agency, and involving the right and title of the State to the land in dispute, can not be maintained against them elsewhere than in Kanawha County, where the seat of the State government is located, as provided by section 4 of chapter 37 of the Code.

The attorney general, for petitioners, concedes that the jurisdiction of this court to control by prohibition the proceedings of the circuit court depends on the single question whether that court has jurisdiction, and if that jurisdiction depends on an issue of fact presented by the pleadings, the lower court has jurisdiction to determine the question and can not be controlled therein by prohibition or any other collateral proceeding. *State ex rel. Keeney* v. *Bland, Judge*, 89 W. Va. 600, point 5.

The petitioners Downs and others, in the first case, base their claim to immunity from damages for the alleged trespass upon the theory that by entry upon respondents' land by the county court when beginning the construction of the road in 1917, and subsequently completing it in front of respondents' house in 1921, and which subsequently in Au-

gust 1922, when it was taken over for maintenance and further construction and reconstruction and repair by the State Road Commission, the State thereby acquired title to the whole of the right of way, alleged to be twenty feet on each side of the center line of the concrete slab or hard surface part of the road and including the whole of the strip on which said retaining wall was located, and as to which petitioners claim there remains no material disputed fact.

To sustain this position they rely: First, upon the alleged dedication of a road or street by the partitioners of what is known as the Crowl land, made in August 1919, lot number 17 of that partition being now owned by respondents, acquired by them by deed of January 3, 1921, through one of said petitioners, and on a plat of which land the road now in question was laid down through said tract as a road forty feet in width; Second, the alleged acceptance of such dedication by the county court by an order of June 26, 1919, whereby it was resolved to improve 2.1 miles of the Morgantown-Fairmont road, inclusive of the road through said Crowl tract, described as a main county road, by grading to a width of not less than 26 feet, and draining the property and laying thereon a surface of not less than 16 feet in width, 8 feet on each side of the center line thereof; Third, the action or resolution of April 29, 1922, of the State Road Commission, in taking over said road after the completion thereof by the county court as described, for the purpose of maintenance and further construction and reconstruction as to the commission might seem necessary and proper; Fourth, upon the provisions of section 19 of chapter 43 of the Code, section 19, chapter 112, Acts 1921, providing that, "all state roads shall occupy a right of way not less than forty feet wide, exclusive of land necessary for slopes for cuts and fills, unless the commission shall make an order for a different width," not in the statute at the time of the building and improvement of said road; Fifth, upon the alleged ground that respondents or their predecessors in title stood by while said road construction and improvement was going on without objection, thereby consenting to the invasion of their said land and the

construction of the road thereon, a fact positively denied in so far as it pertains to the particular strip of land in controversy; Sixth, the statute of limitations of one year prescribed by section 138, chapter 43 of the Code, as amended by chapter 6, Acts 1923, and applicable to roads established and constructed theretofore or thereafter pursuant to said chapter 43 of the Code, in force at the time.

But the fact of such dedication and the alleged acceptance thereof in the way indicated is controverted, and whether the road as constructed occupied the road as laid down on the plat of said partition, and whether the retaining wall destroyed by petitioners was constructed upon any part of the road so built, or was within the survey or location of said road by the county court, is vigorously controverted by respondents in pleading and proof. And there is little, if any doubt that in the building of said road the county authorities invaded the lands of respondents, not only outside the boundary of the old road, but also the road as platted on said partition map; and there is little doubt but that a part of said wall was wholly outside any of the right of way claimed to have been taken by said county court, consisting of a strip from about the center of the front steps eastward to the line of lot number 16 on said plat, from 15 to 20 feet wide, and on which a part of said wall stood before it was torn down by petitioners. The effect of the resolution of the county court proposing to build said county road, upon said partition and the record thereof, as an acceptance of a supposed dedication thereof, and the fact of said dedication are all controverted facts, depending on the record and the oral evidence taken herein.

As to the provisions of section 19 of chapter 112, Acts 1921, and of section 138 of chapter 43 of the Code, we do not see how *ex proprio vigore* they could confer title on State or county, enacted as they were long after the proceeding of the county court and the building and construction of said road through respondents' land. They could have no retrospective effect, though the State or county may, pursuant to the statutes as amended, proceed to take more land for widening

and extending the road, subject to all constitutional and statutory rights of the land owners. *Griffin* v. *Cunningham,* 20 Grat. 31.

Prohibition will not lie against an inferior court or the judge thereof to deprive it or him of the right to pass upon the extrinsic facts determinative of jurisdiction. *Steamship Co.* v. *Hudson, Judge,* 93 W. Va. 209; *Jennings* v. *McDougle, Judge,* 83 W. Va. 186; *King* v. *Doolittle, Judge,* 51 W. Va. 91. A court can not be deprived of its right to determine the jurisdictional facts, although the evidence be absolutely conclusive. *State ex rel. Keeney* v. *Bland, Judge,* 89 W. Va. 600. Our opinion is therefore that Judge Lazzelle, of the circuit court, has ample jurisdiction to determine the question of his jurisdiction on the facts as they may be presented in the damage case, and to first adjudge the rights of the parties.

To warrant petitioners in invading the curtilage and close of the plaintiffs and tearing down their wall, they must have a clear legal right to enter for that purpose. Otherwise they will be without immunity from damages for their wrong; and the fact that they are officers or agents of the State furnishes no defense, unless they be clothed with the full panoply of the law. Their color of office will not protect their unlawful invasion of another's rights. They will act at their peril. *Coal & Coke Ry. Co.* v. *Conley et al.,* 67 W. Va. 129; 36 Cyc. 917, 918; *Cunningham* v. *Macon & Brunswick R. R. Co.,* 109 U. S. 446.

The case presented by the pleadings in the action for damages does not involve any contractual or property rights of the State, if the facts be as pleaded; and if the State's agents traveled outside their lawful rights and committed an unlawful act against respondents, they did not represent the State and can not claim the protection of the State against a suit for their wrongdoing. For such a wrong the State is not liable, and such a wrong can not be imputed to the State. Only the individuals responsible therefor are liable, and they in their collective or individual capacities. The inhibition against actions against the State and officers and agents thereof applies only where the officers represent the State in

respect of contract or property rights. Section 35, article vi of the Constitution. *Barber* v. *Spencer State Hospital*, 95 W. Va. 463; *Gordon* v. *State Board of Control*, 85 W. Va. 739; *Miller Supply Co.* v. *State Board of Control*, 72 W. Va. 524. And as was held in *Mahone* v. *State Road Commission*, 99 W. Va. 397, as an individual has no right of action against the State, he has no right of action against an agency of the State to which it delegates performance of certain duties. But as the State, the King, can do no wrong, it can not be sued for a tort; a tort will not be imputed to it; the wrongdoer in every such case is the one doing the unlawful act. This principle is well illustrated in the case of *Mahone* v. *State Road Commission*, where the declaration was held bad as against the commission for damages resulting from negligently excavating on a county road, but good as against Price, the contractor, responsible for the wrong. The constitutional immunity of the State can not be availed of by officers or agents of the State when invoked for protection against their wrongdoing. *United States* v. *Lee*, 106 U. S. 196; *Hopkins* v. *Clemson Agricultural College*, 221 U. S. 636; *Virginia Coupon Cases*, 114 U. S. 269; *Johnson* v. *Langford*, 245 U. S. 541.

Enough has been said to warrant our conclusion to deny the writ in the Downs case. But we must not be regarded as intending to express any opinion on the merits of the case as they may be developed on the trial in the court below. Our discussion of the legal propositions applicable to the case, has been solely for the purpose of sustaining the jurisdiction of the circuit court in the premises.

### THE INJUNCTION SUIT.

The bill, proceedings on which are sought to be prohibited, is predicated upon the theory that the State Road Commission, in conjunction with the county court, by entering upon respondents' lands and tearing down their wall and digging up their soil and shrubbery, were attempting to take the land for the purpose of widening and further improving the public road; that the right and title to the land had never been previously acquired; and that the whole strip of land be-

tween the line of the old right of way of thirty feet in width and the line to which petitioners were seeking to go, twenty feet from the center line of the hard surfaced part of the road, remained the property of respondents under their deed, which petitioners without notice or process of law were threatening to take for public purposes without their consent and against their protest. The elaborate petition of the State Road Commission delineating the facts on which the application for the writ is based, has been substantially covered in dealing with the first case, but the answer of respondents by positive denials puts in issue every material fact, and these can not be inquired into on this application for the peremptory writ. The circuit court has jurisdiction to hear and dispose of the case in the first instance and can not be controlled therein by the original process of this court.

But can jurisdiction to hear the cause in the circuit court be defeated upon the theory that the State Road Commission, a State agency, represents the State in the alleged acts of trespass enjoined, rendering it immune as the State would be, from injunctive process? Of course, as we have decided a number of times, in the cases cited and relied on by the attorney general, the State can not be made defendant in any suit at law or in equity, either in its own name or in the name of one of its agents, when such suit involves a contract or property right. But may the State Road Commission, which the statute creating it renders competent to sue and be sued, invade the land and property of another without notice or lawful process and commit a trespass, and then go unpunished? The constitution which protects the State is also over all its citizens, and gives to them protection against the unlawful invasion of their rights, from the least to the greatest. And what respondents pray for in their bill is that kind of relief, if the allegations thereof be true. If the petitioner and the county court cooperating with it, are proposing to take respondents' land for the purposes alleged, and without notice or process, their acts are absolutely void and of no effect so far as these rights are concerned. *Ice* v. *County Court,* 91 W. Va. 272. The provisions of chapter 43 of the

Code, and particularly section 138 thereof, prescribe the course to be pursued to acquire land for such purposes.

The fact that the petitioners may claim that the land in dispute is the property of the State, the very matter in controversy, presents no obstacle against the jurisdiction of the court to restrain the actions and conduct of the State agency when they amount to a trespass. *Coal & Coke Ry. Co.* v. *Conley et al., supra.* In *United States* v. *Lee, supra,* involving the right and title of the United States to the National Cemetery at Arlington, the Attorney General intervened, claiming the immunity of the government from suit; but his petition was denied. That was a suit in ejectment by Lee against Kaufman and Strong in possession for the government. It was held that the possession of the government agents imposed no bar to the suit to try right and title to the land. This principle was recognized and applied in the case of *Tindal* v. *Wesley,* 167 U. S. 204, 42 Law Ed. 137. In *Pennoyer* v. *McConnaughy,* 140 U. S. 1, Mr. Justice LAMAR, by reference to the federal cases, distinguishes between suits against government agents on contract and those involving their wrongs and injuries to property and property rights claimed by others, and holding that when an action at law is inadequate, injunction may be invoked as a preventative remedy. See also, *Ex parte Young,* 209 U. S. 123. We have applied injunction against a county court to prevent the taking of private property under like circumstances, *McGibson* v. *County Court,* 95 W. Va. 338; and mandamus to compel the State Road Commission to perform a purely ministerial duty, *State ex rel. Yost* v. *State Road Commission,* 96 W. Va. 184; but have denied mandamus to compel this commission to perform an executory contract, *State ex rel. Kelly* v. *State Road Commission,* 102 W. Va. 88, 134 S. E. 465, not questioning the jurisdiction to sue the road commission. In suits where no affirmative relief is sought, public officers and tribunals exercising governmental powers may be enjoined, and certainly their agents and employees may be controlled. *Ludwig* v. *Western Union Tele. Co.,* 216 U. S. 146; *Prentis* v. *Atlantic Coast Line Co.,* 211 U. S. 210; *Hopkins* v. *Clemson, etc., supra.*

But the objection remains that such public officer or corporation of the State can only be sued in the county where the seat of government is located. We think there is no merit in this proposition as applied to the case presented by the bill here involved. The act sought to be prohibited is to take place in Monongalia County, and section 4 of chapter 133 of the Code says that suit shall be in the county where the act is to be done or is apprehended. The statute invoked by the attorney general should be construed as applying to those cases involving contractual or property rights and the enforcement of those rights against the State. The two statutes, if possible, must be so construed as to give force and effect to both without doing violence to either. In the comparatively recent case of *State ex rel. Chafin* v. *Hudson, Judge, et al.,* 97 W. Va. 679, we denied the jurisdiction of the circuit court of Kanawha County at the suit of the attorney general to enjoin acts to be done or threatened in the county of Logan. And the jurisdiction given by said section 4 is exclusive except in those cases mentioned in sections 6 and 9 of that chapter. *Wayland Oil & Gas Co.* v. *Rummel, Judge,* 78 W. Va. 196.

As in the first case, we express no opinion on the merits of the controversy as they may be presented by the subsequent proceedings in the cause. Our purpose has been simply to justify by law our conclusion to deny the writ in this case also.

The writs in both cases will, for the reasons given, be denied, but without costs against the parties.

*Writ denied.*