OTWAY C. STEWART *v.* THE STATE ROAD COMMISSION OF WEST VIRGINIA

(No. 8402)

Submitted April 8, 1936.   Decided April 28, 1936.

*Worrell & Worrell,* for relator.

*Homer A. Holt,* Attorney General, and *J. F. Bouchelle,* Assistant Attorney General, for respondent.

HATCHER, PRESIDENT:

Relator seeks a writ of mandamus to compel the payment of a judgment for $766.00 in his favor against

respondent which he obtained on account of land allegedly appropriated by respondent in 1935 for road purposes without purchase or condemnation. Respondent demurs to the petition herein mainly for the reason that respondent is an arm of the state and that the judgment is invalid because the constitution, Article VI, section 35 forbids a suit against the state. Relator would maintain this proceeding on the grounds that governmental bodies may be compelled by mandamus to perform ministerial functions, and that in 1933, the Legislature enacted that "the State Road Commission of West Virginia shall be a corporation, and as such may sue and be sued." Acts, Extraordinary Session, 1933, chapter 40, article 2, section 1.

Our Constitution, Article VI, section 35, provides: "The state of West Virginia shall never be made defendant in any court of law or equity." There is no specific exception to this inhibition. Such a provision is ordinarily construed to be "absolute and unqualified." *Hampton* v. *State Board*, 90 Fla. 88, 105 So. 323, 42 A. L. R. 1456; *Alabama Industrial School* v. *Addler*, 144 Ala. 555, 42 So. 116, 113 Am. St. Rep. 58; 25 R. C. L., subject States, sec. 50. We recognize that the constitutional inhibition against taking private property for a public use without just compensation (Art. III, sec. 9) is of equal dignity with the inhibition against suing the state. If necessary to maintain the rights of a citizen under the former, the two provisions would be construed together and the former treated as an exception to the latter. This has been done in some states. See *Chick Springs Water Co.* v. *Highway Dep't.*, 159 S. C. 481, 157 S. E. 842. Our procedure, however, affords ample protection to one in the position of petitioner without resorting to that necessity. (1) He may enjoin the State Road Commissioner, and his representatives, personally, from unlawfully invading his property. *Railway Co.* v. *Conley*, 67 W. Va. 129, 146-7, 67 S. E. 613. (2) He may recover damages from the Commissioner and his representatives, personally, for unlawfully entering upon and

taking his property. The constitutional immunity of the State is not extended to its officials and their representatives in the performance of an unlawful act. *Railway Co.* v. *Conley, supra.* (3) He may mandamus the Commissioner in person, to condemn his land. *Draper* v. *Anderson,* 102 W. Va. 633, 135 S. E. 837; *Haycock* v. *Jannarone,* 99 N. J. Law 183, 122 Atl. 805; 20 C. J., subject Em. Domain, sec. 521. "It is settled", says the Supreme Court of the United States, "that in such a case, a suit brought by the person entitled to the performance of the duty against the official charged with its performance, is not a suit against the government." *Houston* v. *Ormes,* 252 U. S. 469, 472, 40 S. Ct. 369, 64 L. Ed. 667. Accord: *Fidelity Co.* v. *Shaid,* 103 W. Va. 432, 438, 137 S. E. 878; 59 C. J., subject States, sec. 466.

We are aware that when the legislature has established a corporate entity and provided it with funds to conduct an enterprise for the state, some jurisdictions with constitutional provisions similar to ours have held that the entity is separate from the state and is subject to suit. See *State* v. *Bates,* 317 Mo. 696, 296 S. W. 418; *Ark. Commission* v. *Dodge,* 181 Ark. 539, 26 S. W. (2nd) 879. But as was remarked by the Arkansas Court: "This is a question which each state must decide for itself." We have long been committed to the opposite view. *Miller* v. *State Board,* (1899) 46 W. Va. 192, 32 S. E. 1007, 76 Am. St. Rep. 811; *Miller Supply Co.* v. *Board of Control,* 72 W. Va. 524, 78 S. E. 672; *Mahone* v. *Road Commission,* 99 W. Va. 397, 129 S. E. 320. In the *Mahone* case, we held specifically: "By virtue of Section 35, Article 6, of the Constitution, an individual has no right of action against the state. He has no greater right against an agency of the state to which it has delegated performance of certain of its duties. The State Road Commission is such an agency. Therefore, the plaintiff herein cannot maintain his action against this Commission." *Downs* v. *Lazelle,* 102 W. Va. 663, 136 S. E. 195, holding that the State Road Commission, or other State Agency may be restrained or proceeded against in its official capacity,

cannot be sustained under this view; and that holding is overruled.

It should go without saying that the legislature is without capacity to pass a law affecting the constitutional immunity from suit of the state or one of its governmental agencies. *Alabama Industrial School* v. *Addler, supra.*

The circuit court was without jurisdiction to render the judgment against respondent. The writ is accordingly refused.

*Write refused.*