Burr H. Simpson, *State Road Commissioner of West Virginia, v.* Paul C. Hogsett, *Clerk, etc.*

(No. 8551)

Submitted February 2, 1937. Decided February 16, 1937.

*Clarence W. Meadows,* Attorney General, and *Forrest B. Poling,* Assistant Attorney General, for relator.
*Nickell Kramer,* for respondent.

Kenna, President:

The State Road Commissioner seeks mandamus to compel Paul C. Hogsett, clerk of the county court of Greenbrier County, to record deeds for road rights-of-way conveyed to the State Road Commission without charging the usual recording fees. The deeds in question have been lodged with the clerk by the State Road Commissioner with request that they be recorded free of charge. This the clerk has refused to do.

Code 59-1-18 provides that "no clerk or sheriff shall receive payment out of the treasury for any service rendered in case of the state, except where it is allowed

by law." Respondent Hogsett takes the position that since the statute creating the State Road Commission makes it a separate and distinct corporation which may contract and be contracted with, sue and be sued, etc., it is not the state within the purview of the section quoted. In this he is mistaken. See *Mahone* v. *Road Commission,* 99 W. Va. 397, 129 S. E. 320, holding that the State Road Commission is a direct governmental agency of the state, and citing the cases which form the basis for that holding. The attorney general, on January 28, 1935, had advised the Road Commission that deeds for rights-of-way might be recorded without the payment of recordation fees, and had pointed out the basis for that opinion. This opinion had been quoted at length by the Road Commissioner in a letter to the respondent herein.

The peremptory writ will be awarded.

*Writned awarded.*