## OMES v. DEPARTMENT OF CONSERVA-TION OF LOUISIANA et al.

### No. 17059.

Court of Appeal of Louisiana. Orleans.

March 27, 1939.

John D. Nix, Jr., of New Orleans, for appellant.

David M. Ellison, Atty. Gen., James O'-Connor, First Asst. Atty. Gen., and Augusto P. Miceli, Sp. Asst. Atty. Gen., for appellee.

WESTERFIELD, Judge.

This is an appeal from a judgment maintaining an exception of no cause of action. Plaintiff alleged that he is a fisherman by occupation; that in pursuance of his occupation he caught a certain quantity of shrimp in the waters of the Gulf of Mexico beyond the three mile limit; that he conveyed his shrimp to the French Market for sale, when they were seized by the Department of Conservation of the State of Louisiana, through its agents, Victor Molero and Julius Brooks; that these agents, without reason or authority, condemned petitioner's shrimp and took possession of his truck, trawls and seines and threw the shrimp into the Mississippi River; that the value of the shrimp illegally confiscated and thrown into the river was $540, and that the value of the equipment, trawls and seines, etc., $300, for which judgment was asked together with $7,000, "for the tortious acts of the said defendant in confiscating said shrimp, and the humiliation and embarrassment resulting unto plaintiff by reason of said confiscation". The suit was filed and judgment prayed for against the Department of Conservation of the State of Louisiana, Victor Molero and Julius Brooks, in solido, in the sum of $7,840. To this petition exceptions of vagueness and of no cause or right of action were filed by the Department of Conservation. Julius Brooks excepted to the jurisdiction of the court ratione personae. The other defendant, Victor Molero, apparently made no appearance.

The exceptions were maintained in a judgment rendered February 7, 1938, and an appeal prosecuted to this Court. On January 10, 1939, while the case was pending on appeal, plaintiff filed a supplemental petition in which the allegations of the original petition were amplified and the additional charge made that the Department of Conservation had caused petitioner to be falsely arrested and charged in the Criminal District Court for the Parish of Orleans, with having violated Section 5 of Act No. 50 of 1932, with reference to taking shrimp in inland waters of the State, and that after a trial in that tribunal, petitioner was acquitted. In argument and in brief in this Court, plaintiff announced the abandonment of all of that portion of his claim relating to damages for humiliation and that due to the tortious acts of the agents of the Conservation Department and now limits his demand to $500, the value of the confiscated shrimp. The claim against Julius Brooks has also been abandoned.

The exception of no cause of action is based upon the principle of sovereign im-

munity, the force of which plaintiff's counsel recognizes, as is indicated by his abandonment of the larger portion of his claim based upon damages for humiliation and tortious acts on the part of the agents of the Conservation Commission. A distinction in behalf of his claim for the value of the confiscated shrimp is claimed upon the ground that it is the taking of private property without due process of law in defiance of appropriate provisions of the Constitution of the State of Louisiana and of the United States (Const.La.1921, art. 1, § 2; U.S.C.A.Const.Amend. 14).

It is pointed out that in Act No. 127 of 1912, as amended, the Department of Conservation is authorized to sue and to be sued. This provision, however, relates to suits growing out of contracts and not to actions ex delicto. Fouchaux v. Board of Commissioners, La.App., 186 So. 103; Rome v. London & Lancashire Indemnity Company, La.App., 169 So. 132; Kilberg v. Louisiana Highway Commission, 8 La.App. 441, and Orgeron v. Louisiana Power & Light Company et al., 19 La.App. 628, 140 So. 282.

That the State of Louisiana or a political subdivision thereof cannot be sued, ex delicto, does not admit of argument and it seems to us equally clear that the action of the agents and employees of the Department of Conservation in destroying plaintiff's shrimp was a delict or tort. Plaintiff's counsel in referring to this action on the part of the agents of the Conservation Department characterizes it as "wilful and malicious, premeditated and not in the exercise of an ordinary governmental function". The unauthorized acts of a State Official are his individual acts for which he alone and not the State is responsible. President, etc., of Michigan State Bank v. Hammond, 1 Doug., Mich., 527, 533; Litchfield v. Bond et al., 186 N.Y. 66, 78 N.E. 719; Downs et al. v. Lazzelle et al., 102 W.Va. 663, 136 S.E. 195.

In Dunne v. State, 162 Md. 274, 159 A. 751, 756, the Court of Appeal of Maryland said: "The state, in the exercise of that power [eminent domain] can only act lawfully; and any taking of property alleged to have been made by an agency of the state, not done in the mode prescribed by law, is not the act of the state, but the unlawful usurpation by the individuals taking or appropriating the property."

Our conclusion is that the judgment appealed from is correct, consequently, and for the reasons assigned the judgment appealed from is affirmed.

Affirmed.