ROBERT L. BLAND, Judge,
dissenting.
As I read and interpret the record in this case there should be no award in favor of the claimant. If for no other reason, contributory negligence on his part would preclude and bar an award.
The Supreme Court of West Virginia has held that the state road commission is a direct governmental agency of the state, and as such is not subject to an action for tort. Mahone v. Road Commission, 99 W. Va. 397. In the opinion in that case Judge Hatcher says:
“By virtue of section.35, article 6 of the Constitution, an individual has no right of action against the state. He has no greater right against an agency of the state to which it has delegated performance of cetrain of its duties. The State Road Commission is such an agency. Therefore, the plaintiff herein cannot maintain his action against this Commission. The law in relation thereto is thoroughly established by the decisions of this court in Barber Admx. v. Spencer State Hospital, 95 W. Va. 463, in Miller v. State Board of Agriculture, 46 W. Va. 192, in Gordon v. State Board of Control, 85 W. Va. 739, and in Miller Supply Co. v. State Board of Control, 72 W. Va. 524.”
Chapter twenty of the acts of the Legislature of 1941, creating the court of claims, does not increase or enlarge the liability of the state. There is no statute making the state liable for the accident sustained by claimant.
*139 It is not conceived that it was the purpose of the Legislature in creating the court of claims to attempt to nullify or hold for naught the constitutional immunity of the state from suit or to' abrogate or supersede the decisions of the Supreme Court based upon and giving effect to such constitutional inhibition.
From time to time claims arise against the state which as a sovereign commonwealth it should, in equity and good conscience, discharge and pay. They may properly be denominated moral obligations of the state. It was for the purpose of adjudicating and taking care of claims of this character that the court of claims was created. The Legislature contemplated that all such claims should be thoroughly investigated and when they were made to appear to be just and proper awards should be made therefor. The disposition of each claim should depend upon its individual merits. Such claims were presented in large numbers to the Legislature at each session, and few were ever given an adequate consideration on account of the unavoidable pressure of legislative duties. The court of claims is intended to relieve the Legislature of the burden imposed upon it by the filing of such claims. Its duty is to act in both an investigating and advisory capacity. It is to be presumed that when three members of the court have made thorough investigation of such claim and are in accord with respect to the disposition that should be made thereof the Legislature would be in a position to act intelligently in relation thereto, but where the determination of a claim is not unanimous the court act expressly provides that such fact shall be brought to the attention of the Legislature by a dissenting statement or opinion.
In the instant case I think the syllabus is too broad and imposes a duty and obligation on the part of the state road commission unwarranted by general law.