SEHLMEYER et al. v. ROMEO CO. et al.

No. 9604.

Circuit Court of Appeals, Ninth Circuit.

March 1, 1941.

Earl Warren, Atty. Gen., and Lucas E. Kilkenny, Deputy Atty. Gen., for appellants.

S. Hasket Derby, Joseph C. Sharp, James A. Quinby, and Lloyd M. Tweedt, all of San Francisco, Cal. (Derby, Sharp, Quinby & Tweedt and Charles L. Hemmings, all of San Francisco, Cal., of counsel), for appellees.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an interlocutory decree in personam in admiralty holding Elton H. Sherwood, the master navigating the tug "Governor Markham", liable for causing a scow towed by the tug to collide with the fishing vessel "Zozel", while the latter was moored on the north side of Pier 17 in the slip between Pier 17 and Pier 19 in San Francisco Harbor.

At the time of the collision the scow contained mud dredged from the slip—a service incidental to the slip's maintenance and operation for vessels mooring and discharging at Piers 17 and 19. Both piers are the property of the state. The towage was intrastate, the mud being dumped in San Francisco Bay.

The slip between Piers 17 and 19 is a narrow channel. The "Governor Markham", attempting to tow the scow past the moored "Zozel", so handled the scow that the single towing line parted and the scow collided with the "Zozel", damaging her hull. There is nothing in the facts relieving the "Governor Markham" and her master from the presumption against the moving ship and in favor of the moored ship. The Oregon, 158 U.S. 186, 15 S.Ct. 804, 39 L.Ed. 943; The Marian, 9 Cir., 66 F.2d 354. There is evidence that there was used a single line lashed to a bitt on one side of the bow of the scow, thus giving her a side pull across the course through the slip. Then the same line was transferred to the opposite bitt to correct the sheer thus occasioned. The customary towing bridle with its straighter pull on the course line was not used. The strain on the single line, in attempting to correct the sheer due to the pull on the opposite bitt, caused the line to part. The evidence of the failure to use a bridle in towing amply sustains the finding of fault in the towage and warrants the decree against Sherwood, the "Governor Markham's" navigator.

The interlocutory decree also held liable for the collision the "Board of State Harbor Commissioners for San Francisco Har-

bor constituted of Joseph F. Marias, appointed and acting under the name of J. F. Marias, George Sehlmeyer and E. A. McMillan; and Frank G. White, individually and as Chief Engineer of the Board of State Harbor Commissioners for San Francisco Harbor."

◼ The interlocutory decree does not run against the Commissioners of the Board of State Harbor Commissioners for San Francisco Harbor. The language of the decree, quoted above, is merely a description of the Board as constituted by their membership. The three Commissioners mentioned in the interlocutory decree have appealed but, since there is no decree against them, their appeal must be dismissed.

◼ The Board of State Harbor Commissioners for San Francisco Harbor is an entity created and existing under the laws of the State of California. California Harbors and Navigation Code § 1700, Deering's Codes 1937, St.1937, p. 828. The Board has no function relevant to the instant cause other than that of an agency of the state in discharge of its statutory duty to dredge the slips and docks of the harbor, and the management of the tug "Governor Markham" in connection with such dredging, to the end that ships shall have safe berthing at the wharves owned by the state. California Harbor and Navigation Code, §§ 3000, 3005. Damages suffered in the collision, if recoverable against the Board, would have to be paid out of funds in the State Treasury. Cal. H. & N. Code, 1706. It is a matter of indifference whether the "Governor Markham" be deemed the property of the state's agent, the Board, as contended by appellees, or immediately the property of the state, as contended by the Board. The function she performed in the instant case is a state function.

The Board contends that it may not be sued in admiralty for its acts either as principal employing the master of the "Governor Markham" as its agent, or upon a contract for a safe berth for the "'Zozel'" in the dredged slip which appellees claim to exist at the time she was injured. We agree that the Board, as a state agency, is immune from libels in admiralty either ex contractu or ex delicto for acts performed in its state function of dredging the harbor's slips and docks and the maintenance of and providing for safe berthing. Ex parte New York, No. 1, 256 U.S. 490, 500, 41 S. Ct. 588, 65 L.Ed. 1057. Cf. Ex parte New York, No. 2, 256 U.S. 503, 505, 41 S.Ct. 592, 65 L.Ed. 1063.

◼ The interlocutory decree also ran against Frank G. White, individually and as Chief Engineer of the Board of State Harbor Commissioners for San Francisco Harbor. With regard to any liability as such Chief Engineer for acts or neglect in connection with the state function of dredging and the towage connected therewith, he cannot be libelled in admiralty, upon the principle established in the cases last cited above.

◼ Concerning his liability as an individual, it is claimed that the single towing line, which parted under the strain of the attempt to correct the sheer of the scow, was old and worn and that White had not performed his obligation of furnishing the tug with adequate towing lines. White's duty as Chief Engineer had nothing to do with the navigation of the "Governor Markham" and it appears that the tug had on board an adequate new towing line which her master did not choose to use. There is no evidence that White had been advised of the defect in the towing line for the particular tow in question. The defective line well could be a part of the ship's equipment for a lighter tow or to be cut up into lashing or for other uses aboard ship. No wrongful act or neglect is proved as to White.

The appeals of Marias, Sehlmeyer and McMillan are dismissed. A final decree shall be entered dismissing the libel as to the Board of State Harbor Commissioners for San Francisco Harbor constituted of Joseph F. Marias, appointed and acting under the name of J. F. Marias, George Sehlmeyer and E. A. McMillan and as to Frank G. White as Chief Engineer of the Board of State Harbor Commissioners for San Francisco Harbor. The interlocutory decree is reversed as to Frank G. White individually and a final decree shall be entered in his favor. The interlocutory decree against Elton H. Sherwood is affirmed and the case remanded to the district court for a final decree determining Sherwood's liability.

Affirmed in part and reversed in part.

HEALY, Circuit Judge, concurs in the result.