# Richmond

## JOHN G. SAYERS v. G. W. BULLAR AND DIXIE SHUMATE.

October 12, 1942.

Record No. 2578.

Present, Campbell, C. J., and Holt, Hudgins, Gregory and Spratley, JJ.

The opinion states the case.

*L. P. Summers* and *L. P. Summers, III*, for the plaintiff in error.

*B. L. Dickinson*, for the defendants in error.

GREGORY, J., delivered the opinion of the court.

The plaintiff in error, who was the plaintiff below, instituted his action by declaration against G. W. Bullar and Dixie Shumate to recover damages alleged to have been sustained as a result of certain explosions set off by them in

the construction of a water pipe line for the State of Virginia. It was alleged that the explosions caused a valuable spring, located on plaintiff's property, to cease to flow.

The defendants filed a special plea and a plea of the general issue. The special plea, in substance, sets forth that the acts complained of were done by the Commonwealth of Virginia through its duly constituted officers, agents and employees and that the defendants, insofar as they did such acts as were alleged, did them only as agents and employees of the Commonwealth.

The plaintiff admitted the facts alleged in the special plea but excepted thereto upon the ground that it stated no defense to the action. He moved the court to strike it out. The exception and motion were overruled by the court and the action was dismissed, with leave granted the plaintiff to amend his declaration and make sufficient allegations of negligence against the defendants.

The plaintiff filed an amended declaration, to which the defendants demurred, and the court sustained the demurrer and dismissed the action because there was no proper allegation of negligence.

The court, in its first written opinion, in effect held that the action amounted to one against the State because the acts charged against the employees admittedly were the acts of the State and it could not be sued without its consent. The State was not a party.

The pleadings disclose that the plaintiff was the owner of a farm and home and upon the farm were the usual outbuildings. A bold spring was located on the land from which the necessary water for his home and general farm use was provided. The Commonwealth of Virginia had established a fish hatchery near by, and in order to secure the necessary water to operate it, the defendants, who were the agents of the Commonwealth, were engaged in laying a pipe line from another spring, which belonged to the Commonwealth, over its land to the fish hatchery. This pipe line was to be laid at one point just across the road from the plaintiff's spring and within 30 feet of it. It was being laid

through limestone rock and it became necessary to blast the rock with explosives to lay the pipe. Before the blasts were put off, the plaintiff warned the defendants that the blasts in limestone rock would likely be detrimental to his (plaintiff's) spring. He told them that the pipe line could be laid elsewhere without the use of explosives. The warning and suggestion of the plaintiff were not heeded, the blasts were put off and the plaintiff's spring ceased to flow. Damages for the loss of the spring is the subject matter of this litigation.

The single question to be decided is whether or not the action in effect is an action for tort against the State. If it is, as was held by the lower court, then we must affirm the judgment, but if it is not and only amounts to an action for tort against the defendants individually, we must reverse the judgment.

A State cannot be sued except by its permission, and even if the suit, in form, be against the officers and agents of the State, yet if, in effect, it be against the State, it is not maintainable. Sections 2578 to 2583 of the Virginia Code (Michie) provide the only cases and the procedure in which actions may be maintained against the State. There is no statute which gives a right to anyone to sue the State for tort. *Commonwealth* v. *Chilton Malting Co.*, 154 Va. 28, 152 S. E. 336. See also Digest of Virginia and West Virginia Reports, Vol. 9, pp. 14 and 15, where the cases are collected and digested.

In *Board of Public Works* v. *Gannt*, 76 Va. 455, it was held that agents of a government in possession of specific property under a void title may be proceeded against for its recovery by the true owner and that it is no defense for them to assert that the State has an interest in the property.

This court has never been called upon before to pass judgment upon a case where employees of the State are sued for tort arising from work being done by them for the State. Such is the case at bar.

We expressly withheld decision on the point in *Commonwealth* v. *Chilton Malting Co.*, 154 Va. 28, 152 S. E. 336,

*supra*, where the court held that a tort action could not be maintained against the Commonwealth, but as to the agents who committed the alleged wrong the court reserved decision because those agents were not parties.

In *Wilson* v. *State Highway Commissioner*, 174 Va. 82, 4 S. E. (2d) ·746, the individuals who committed the alleged tort had been dismissed as parties in the lower court, and, of course, were not before us when we commented upon *Commonwealth* v. *Chilton Malting Co.*, 154 Va. 28, 152 S. E. 336, in these words: "It is clearly .seen that this court recognized that the wrongdoers might be sued individually for their torts but decried the notion that the Commonwealth could be sued therefor." This observation was beyond the necessities of the *Wilson case* and not necessarily a correct comment upon what we actually held in the *Chilton case*. The State agents or employees were not present as parties in either case, and, of course, nothing said by the court could be considered as an adjudication that State agents and employees could be sued for tort.

In West Virginia the point has been decided. In *Mahone* v. *State Road Commission*, 99 W. Va. 397, 129 S. E. 320, action was instituted against the State Road Commission and C. E. Price, the contractor, for damages resulting from the negligent performance of work on the highway. A demurrer to the declaration was interposed and sustained as to the State Road Commission but overruled as to Price, the effect of which was to hold that Price might be liable as a wrongdoer but the State Road Commission could not be.

Again the West Virginia court in *Downs* v. *Lazzelle*, 102 W. Va. 663, 136 S. E. 195, held that if agents of the State go beyond their lawful rights and commit unlawful acts, the State is not liable because it can do no wrong. It cannot be sued for tort. But such agents cannot claim the protection of the State against a suit for their wrongdoing. They, in their individual capacities, are liable.

The Georgia court likewise has spoken on the subject. See *Cannon* v. *Montgomery*, 184 Ga. 588, 192 S. E. 206.

In 25 R. C. L., States, par. 50, this is said: "The immunity of the State from suit does not relieve officers of the State from responsibility for illegal trespasses or torts on the rights of an individual, even though they act or assume to act under the authority and pursuant to the directions of the State; * * * ."

To like effect is 59 Corpus Juris, States, Par. 465(b) p. 310.

Many cases are cited by both text-writers to sustain the proposition. For example, the interesting case of *United States* v. *Lee*, 106 U. S. 196, 1 S. Ct. 240, 27 L. Ed. 171, where Arlington, the historic home place of General Robert E. Lee, was involved. George Washington Parke Custis had devised this estate to Mrs. Lee, the wife of General Lee, for life, with remainder to the plaintiff, George W. P. C. Lee. The question was whether Kaufman and Strong, holding the property as commissioners of the United States under an invalid tax sale, could be proceeded against in ejectment for the recovery of the estate by the lawful owner. The majority of the court were of opinion that the action was maintainable and that the public agents could not defend under the void title of the government. It was not a suit against the government.

Another case of interest is *Poindexter* v. *Greenhow*, 114 U. S. 270, 5 S. Ct. 903, 29 L. Ed. 185. There, a tax collector was enjoined from selling property under an unconstitutional law. This, likewise, was held not to be a suit against the government.

See also annotation, 43 A. L. R. 408.

▮▮ The pleadings, which alone we can consider, disclose that this is not, in form, an action for tort against the State. It is not a party and has no direct pecuniary interest that will be affected by this litigation. None of its property will be molested and it will not be required to pay any part of a judgment, if one is recovered. The State can be guilty of no wrong. It acts only through its agents and as long as those agents act legally and within the scope

of their employment, they act for the State, but if they act wrongfully the conduct is chargeable to them alone.

The State's right to lay the pipe line on its own property could no more be questioned than its right to construct a highway upon its land acquired for that purpose. The construction of a pipe line or a highway can only be accomplished by the State through its officers, agents and employees. If it is necessary to use explosives to build either, the State would have the right to use them. Of course the State's right to lay the pipe and to use the explosives could be exercised only by the State through its agents and employees. If the State had been using explosives to build a road instead of building the pipe line, and a blast had caused an adjoining land owner's spring to cease to flow, no one would contend that the State's agents in blasting, without more, would have been individually liable. The acts of the State and those of the agents in this situation would be inseparable. The acts of the agents would be the acts of the State.

Likewise the mere allegation that agents of the State set off blasts on State property to lay a pipe line for the State is not a charge of negligence. It is not suggested that these agents and employees failed in their duty and used too much explosive, or that they failed to take necessary precautions and as a result of such failure the plaintiff was damaged. The case alleged is simply that plaintiff was damaged when the employees of the State blasted limestone rock on State property to lay a pipe line for the State.

There was no allegation that the defendants had stepped beyond the course of their employment. There were no facts alleged (as distinguished from the pleader's conclusion) to show that they were guilty of any wrongful conduct or acted wantonly or negligently. No facts were alleged to show that they exceeded the authority or directions given them. No facts were alleged to show that they were acting individually and on their own responsibility. On the other hand, it is quite clear from the allegations and the averments of the special plea admitted to be true by the plaintiff, that

they were acting solely in their representative capacity as lawful and proper agents of the State and not in their own individual right.

The special plea set forth the simple fact that the defendants, agents and employees of the State were acting solely for the State and their acts were the acts of the State.

These facts were admitted to be true by the plaintiff. In this situation only a question of law was presented. The alleged act of the defendants was the act of the State. Their conduct cannot be separated, under the allegations, from the conduct of the State. The State cannot be liable, therefore the defendants cannot be liable.

It would be an unwise policy to permit agents and employees of the State to be sued in their personal capacity for acts done by them at the express direction of the State, unless they depart from that direction.

In the brief for the defendants this is said: "The true rule would seem to be to require proof (and allegation) of some act done by the employee outside the scope of his authority, or of some act within the scope of authority but performed so negligently that it can be said that its negligent performance takes him who did it outside the protection of his employment."

With this statement we are in accord.

And the trial court in its opinion stated: "It seems from the amended declaration that all of the facts complained of were committed by the defendants as agents of the State and not as individuals in their own right and of their own and independent volition. The pipe line was laid where it was and as it was by the State. If a wrong was committed it was committed by the State. No separate wrongdoing by the defendants themselves is pointed out in the declaration. The State, or the Commonwealth, is not a party. I think the demurrer is good and that the action must be dismissed."

This statement seems conclusive of the question.

Finally, it was alleged in the amended declaration that the pipe line could have been laid without blasting the rock

by placing it elsewhere. It was also alleged that the plaintiff warned the defendants not to blast the rock because it would likely damage plaintiff's spring.

The duty of establishing and operating State fish hatcheries is placed by Code, Section 3305 (4), upon a commission. It is common knowledge that fish hatcheries must be supplied with water and unless they are placed in the bed of a stream, the water must be transported to them either by pipe, ditch or some other means. The commission is a State agency created by statute. It must of necessity exercise judgment and discretion in carrying on its work. It makes its own plans and exercises *quasi* judicial functions in ascertaining necessary facts and forming its conclusions. The defendants were simply carrying out instructions given them by this State agency. The location of the pipe line involved judgment and discretion, and simply because some one thought it ought to be placed elsewhere would be no reason to hold the employees liable personally for failure to heed such outside suggestions.

It is not alleged that the defendants were not acting under the order of the commission or that they were not acting in a purely ministerial capacity. In the absence of some proper allegation charging them with individual negligence, the action cannot be sustained. See *Cooper* v. *O'Connor*, 69 App. D. C. 100, 99 F. (2d) 135, 118 A. L. R. 1440.

Our conclusion is that the immunity of the State from actions for tort extends to State agents and employees where they are acting legally and within the scope of their employment, but if they exceed their authority and go beyond the sphere of their employment, or if they step aside from it, they do not enjoy such immunity when they are sued by a party who has suffered injury by their negligence.

The judgment is affirmed.

*Affirmed.*