Thomas BANKS, Appellant,

v.

Benjamin J. LIVERMAN and Noah Gilliken, Appellees.

No. 7041.

United States Court of Appeals Fourth Circuit.

Argued Oct. 13, 1955.

Decided Oct. 17, 1955.

Sidney H. Kelsey, Norfolk, Va., for appellant.

E. L. Ryan, Jr., and Roy L. Sykes, Norfolk, Va. (Jett, Sykes & Howell, and White, Ryan & Reynolds, Norfolk, Va., on the brief), for appellees.

Before SOPER and DOBIE, Circuit Judges, and THOMSEN, District Judge.

THOMSEN, District Judge.

Libellant, an observer engineer on the ferryboat Norfolk, owned and operated by the State of Virginia, fell from a ladder in the boiler room and was injured. He filed a libel in personam against the master, Liverman, and the chief engineer, Gilliken, claiming that they were responsible for his injuries. From a decree in favor of respondents, after a full hearing, D.C., 129 F.Supp. 743, libellant appeals.

A few facts are undisputed. Libellant was an experienced engineer, hold-

ing an unlimited chief's license; he had been sailing as first assistant engineer on various liberty ships, but during 1953, being out of work, he accepted employment with the Department of Highways of the Commonwealth of Virginia, and had served first as observer engineer and later as chief engineer on one or more of its ferryboats during the two weeks before August 7, 1953, when for the first time he was assigned to the Norfolk. As observer engineer he was supposed to familiarize himself with any special equipment in the engine room, so that he could take over as chief engineer if called upon to do so. During the first trip from Norfolk to Newport News he climbed up a ladder onto a grating over the boiler in order to "take up on the feed check valve". After completing the job, he started down the ladder, but "blacked out", fell to the deck, and was injured.

Libellant contends that he was ordered to do the work by Gilliken; that a stream of water and steam 40 inches in length was issuing from the feed check valve; that the heat in the boiler room was 180°; that the boiler room was not properly ventilated; that it was dangerous to do the job assigned to him under those conditions without shutting down the boilers, and that he had so told Gilliken, but that respondents required or permitted him to do the work under those conditions.

■ The district judge found, however, that libellant did the job on his own accord, without protest to or order from Gilliken, who knew, however, that libellant was about to undertake the duty; that some vapor was escaping from the feed check valve, but no stream of water and steam; that the boiler room has, as a part of its permanent equipment, a suction fan and a discharge fan, turbine driven blowers, 28 inches by 24 inches, which circulate 7500 cubic feet of air per minute for each blower; that the temperature in the room at the time of the accident was about 145°; and that respondents knew the approximate temperatures which obtained in the boiler room. There is ample evidence to support these findings of the district judge and to discredit the testimony to the contrary. We adopt these findings.

■ They show no responsibility on the part of either Liverman or Gilliken for the injury to libellant. Neither of them ordered libellant to do the particular job. The most that can be said is that they permitted libellant to do the job under conditions which subjected him to severe heat; but the job took only a few minutes, and they had every reason to believe that libellant was accustomed to work in severe heat, in engine rooms and boiler rooms.

■ If there was inadequate ventilation or some other condition rendering the vessel unseaworthy, which we do not find, that was the responsibility of the Commonwealth of Virginia, which owned and operated the ferryboat, and which is immune from suit. That immunity would protect respondents from liability for permitting libellant and other members of the crew to work under the conditions prevailing, in the absence of any individual negligence on the part of respondents. Sehlmeyer v. Romeo Co., 9 Cir., 117 F.2d 996, 1941 A.M.C. 563; Sayers v. Bullar, 180 Va. 222, 22 S.E. 2d 9; Wynn v. Gandy, 170 Va. 590, 197 S.E. 527. Neither respondent was guilty of any negligent act which caused the injury to libellant. Nor was either of them guilty of any negligent omission to act, since there was no duty to warn libellant of conditions which were open and obvious, especially to an experienced engineer.

Decree affirmed.