See Kroeker v. State Farm Mutual Automobile Ins. Co., 466 S.W.2d 105 (Mo.App.1971).

■ This court concludes and declares that defendant would be entitled under Missouri law to recover out of any payments made to plaintiffs by "any person * * * legally responsible for the bodily injury for which such payment is made" any payments made by it to plaintiffs under the uninsured motorist provisions of its policies. This is the extent however of the court's ability to declare the rights of the parties. Erlacker is not a party to this suit. No negligence by him was alleged or proved. His legal responsibility is, by contract and statute, made a condition of defendant's right to recover out of any payments from Erlacker to plaintiffs.

### VII

#### *Judgment to be Entered*

In summary, this court concludes that the Supreme Court of Missouri would, on the facts presented here, hold under Missouri law (1) that plaintiff Sheila French is entitled to recover her damages to the limit of the combined uninsured motorist coverage of $20,000; (2) that plaintiff would be entitled to recover $500 under the medical expense coverage of one policy and that $1,800 has been paid by defendant, permitting a credit of $1,300 against its liability under its uninsured motorist coverage; (3) that plaintiffs' refusal to join Erlacker as a defendant does not preclude recovery against defendant Farmers Insurance Company; (4) that defendant-third party plaintiff is entitled to recovery over against the uninsured motorist third party defendant, Ronald Berkbuegler, who is in default; and (5) that defendant is entitled to recover its payments to plaintiff out of the proceeds of any payments in the nature of judg-

ments or settlements made to plaintiffs by any person legally responsible for the bodily injury to Sheila French.

The foregoing constitutes the court's findings of fact and conclusions of law. Judgment will be entered accordingly.

So ordered.

James R. **NICKELL** et al., Plaintiffs,

v.

Dr. Frederic B. **WESTERVELT**, Jr., et al., Defendants.

Civ. A. No. 71–C–27–C(Re).

United States District Court, W. D. Virginia, Charlottesville Division.

Jan. 26, 1973.

———◆———

Larry E. Losch, Billheimer & Losch, Montgomery, W. Va., for plaintiffs.

Edward R. Slaughter, Jr., Charlottesville, Va., for defendant Westervelt.

D. B. Marshall, Paxson, Marshall & Smith, Charlottesville, Va., for defendant Williams.

*Ruling On Motion To Dismiss*

DALTON, Chief Judge.

This case is before the court upon remand from a Fourth Circuit Court of Appeals per curiam decision issued October 2, 1972. On Appeal, the Fourth Circuit vacated the motion to dismiss ordered by this court on January 1, 1972, but granted plaintiffs' leave to amend, in view of a recent decision, Miller, Adm. v. Perry, 456 F.2d 63 (4th Cir. 1972), in which the court held that diversity of citizenship is determined by the citizenship of the beneficiaries rather than by the citizenship of the administrator.

Pursuant to the Fourth Circuit decision, this court on November 10, 1972 ordered that the motion to dismiss be sustained and granted leave to plaintiffs to amend by adding the Virginia Administrator as party plaintiff.

On November 17, 1972, plaintiffs filed an amended complaint, founded upon diversity of citizenship, 28 U.S.C.A. § 1332, with plaintiff James R. Nickell, administrator of the estate of Hazel Nickell, and the beneficiaries of Hazel Nickell alleged residents of West Virginia and the defendants residents of Virginia.

Plaintiffs seek recovery for the wrongful death of Hazel Nickell and allege that defendants were negligent in their medical treatment and care for her on October 18, 1969. Mrs. Nickell had previously been a patient of Dr. Westervelt and on October 17, 1969 she began hemorrhaging from the nose and mouth and was rushed to the University of Virginia Hospital from her home in Rupert, West Virginia, arriving at 1:00 a. m. on October 18, 1969. Dr. Westervelt was informed by telephone of her condition and did not arrive until 8:00 a. m. that morning and she died on that same day of uremic poisoning, after receiving treatment from both defendants. Plaintiffs seek damages in the amount of $50,000, jointly and severally.

On December 7, 1972, defendant Peter M. Williams filed a motion for summary judgment. On December 7, 1972, defendant Frederic B. Westervelt filed a motion to dismiss.

At a pretrial conference held on December 14, 1972, the plaintiffs agreed to a dismissal of the action against Dr. Williams with prejudice, and on January 4, 1973, this court ordered the action dismissed with prejudice against the defendant, Dr. Peter M. Williams. However the action still remains against the defendant, Dr. Frederic B. Westervelt, and the court will now consider the defendant's motion to dismiss.

The primary questions for the court to consider are: 1) Does the doctrine of

sovereign immunity apply, and 2) Did the action accrue within the two-year period of limitations as outlined in Section 8–634 of the Code of Virginia (1957 Repl.Vol.).

The court will first consider the question of sovereign immunity. Defendant states that at the time he treated Mrs. Nickell, he was a physician and surgeon on the staff of the University of Virginia Hospital and a member of the faculty of the University of Virginia Medical School. The University of Virginia, represented by its Rector and Board of Visitors, is an agency of the Commonwealth of Virginia, and at the time of treatment of the deceased, defendant was an employee of the Commonwealth. He alleges that any decisions he made which relate to the plaintiff's claim were discretionary in character. He also states that any acts which he undertook as a physician and surgeon were the acts of the Commonwealth of Virginia. Defendant alleges that the Commonwealth of Virginia, as well as its agents, officers and employees, is immune to an action for negligence or other tortious actions without its consent. Since the General Assembly of Virginia has not consented to this action in tort against its employee, defendant alleges that he is immune from liability.

The court recognizes that the leading authority for sovereign immunity in Virginia is Sayers v. Bullar, 180 Va. 222, 22 S.E.2d 9 (1942), a case involving an action against two state employees, where the Supreme Court of Virginia said:

> A State cannot be sued except by its permission, and even if the suit, in form, be against the officers and agents of the State, yet if, in effect, it be against the State, it is not maintainable. Sections 2578 to 2583 of the Virginia Code (Michie) provide the only cases and the procedure in which actions may be maintained against the State. There is no statute which gives a right to anyone to sue the State for tort. 180 Va. 225, 22 S.E.2d 10.

The Supreme Court further stated that "as long as * * * [the state's] agents act legally and within the scope of their employment, they act for the State, but if they act wrongfully their conduct is chargeable to them alone." Id. at 228, 22 S.E.2d at 11.

In Elder v. Holland, 208 Va. 15, 155 S.E.2d 369 (1967), a recent common-law defamation suit against a state police officer, the Supreme Court of Virginia further reviewed the doctrine of sovereign immunity and stated:

> On facts of the Sayers case, we held that the State employees were protected by the State's immunity from tort liability. But we recognized that a State employee may be liable for his conduct while performing work for the State, if his conduct is wrongful. "The true rule would seem to be to require proof (and allegation) of some act done by the employee outside the scope of his authority, or of some act within the scope of authority but performed so negligently that it can be said that its negligent performance takes him who did it outside the protection of his employment." [180 Va.] at 229, 22 S.E.2d at 12.
>
> 155 S.E.2d at 372.

The Supreme Court further stated at 372:

> Having concluded that a State employee may be held liable for negligent conduct, we must conclude that a State employee may be held liable for intentional torts. Holland is therefore not immune from liability for defamatory words spoken while performing his duties as a State police officer.

■ Looking to the facts of the instant case, while defendant Westervelt may be held liable for negligent conduct or intentional tort, there is no evidence before the court that Dr. Westervelt was in fact, negligent, in his conduct or that his failure to come immediately to the aid of the decedent was the proximate cause of her death. Mrs. Nickel was in the care of hospital authorities in the

emergency room and Dr. Westervelt exercised his discretionary judgment in concluding that this was enough care until his arrival seven hours later. There is no indication that Dr. Westervelt was negligent in his treatment of decedent once he arrived at the hospital, and this court does not consider negligent his failure to appear at the emergency room when the decedent arrived there at 1:00 a. m. on October 18, 1969. He made a medical judgment based on his telephone conversation with the nurse on duty and the court will not second-guess that judgment, in the absence of gross negligence. The court holds that Dr. Westervelt's decision not to appear at the hospital when the patient arrived, but to wait until the following morning, was within the scope of his authority and not so negligent as to take him outside the protection of his state employment. Therefore, Dr. Westervelt, as a state employee, is protected by the State's immunity from tort liability and the action against him may be dismissed on this ground.

 Although the court's ruling on the first issue of this case makes all other issues moot, the court will now consider if the action accrued within the two-year period of limitations as required by Section 8–634 of the Code of Virginia. Plaintiff filed his original complaint on October 15, 1971, within the two-year period of limitations. This court dismissed plaintiffs' complaint in an order dated January 1, 1972, and on appeal, the Fourth Circuit vacated the motion to dismiss, but granted leave to amend in a per curiam decision issued on October 2, 1972. On November 17, 1972, plaintiffs filed an amended complaint and if the date of the amended complaint is judged as the commencement date of this action, then the right of action did not accrue within two years of the filing date of this complaint, and the action is time-barred. The court must answer the question whether dismissal of the action by this court terminated the action so that an amended complaint, when filed, would be time-barred. The court holds that when the judgment of dismissal was vacated by the Fourth Circuit and the case was remanded to this court, granting leave to amend, it was a continuation of the original action, and the limitations period would be measured from the date the right of action accrued to the time of the filing of the original complaint and not to the date of filing of the amended complaint. Therefore, the action did accrue within the two year limitations period as stated in the wrongful death statute, Section 8–634 of the Code of Virginia. But, for reasons already stated, the action must be dismissed.

Accordingly, for the above-stated reasons, the defendant's motion to dismiss is granted. It is therefore adjudged and ordered that the plaintiffs' complaint be dismissed.