**Lynda HURST, Administrator, etc.**

v.

**Barry V. KIRKPATRICK et al.**

**Civ. A. No. 80–0163–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

April 4, 1980.

James T. Edmunds, Kenbridge, Va., Sidney H. Kirstein, Lynchburg, Va., for plaintiff.

R. Carter Scott, III, Michael W. Smith, Richmond, Va., for defendants.

## ORDER

WARRINER, District Judge.

This action was filed against Barry V. Kirkpatrick, M.D., and others for wrongful death. It is alleged that Dr. Kirkpatrick is an employee of the Medical College of Virginia, a subdivision of the Commonwealth of Virginia, and that he was "in charge" of the Medical College of Virginia's Neonatal

Health Care Unit at the time of the death of plaintiff's decedent. Keeping a careful eye on *Sayers v. Bullar*, 180 Va. 222, 229, 22 S.E.2d 9, 12 (1942), plaintiff alleged that defendant Kirkpatrick was "so negligent with respect to the aforesaid event as to take himself outside the scope of his employment."

Whatever the Supreme Court of Virginia meant by "so negligent" it could not have meant that the sovereign immunity of the Commonwealth could be pierced by an incantation. That is all that exists in this case. The most that plaintiff alleges is that a warming device used by the Unit was unsuited for its purpose and that Dr. Kirkpatrick knew this yet permitted its use without promulgating and enforcing "guidelines requiring sufficiently frequent monitoring and recording" of temperatures.

It is further alleged in the complaint that Dr. Kirkpatrick's conduct was submitted to a panel [1] convened under the Virginia Medical Malpractice Review Act, Va. Code §§ 8.01–581.1 to 581.12:2 (Repl. 1977). The panel, it is alleged, "improperly" found that there was no lack of due care.

On 10 March 1980 defendant Kirkpatrick moved the Court to dismiss the action against him accompanied by an appropriate brief. The time within which plaintiff may have filed her reply brief has more than expired and no brief in opposition has been filed. The Court will consider the motion on the present state of the record.

It appearing clearly on the face of the complaint that the duties of Dr. Kirkpatrick were discretionary, *see Crabbe v. School Board*, 209 Va. 356, 358–60, 164 S.E.2d 639, 641–42 (1968); the allegation further showing nothing which would indicate anything other than, at most, ordinary negligence; the Review Panel's conclusion that even this degree of negligence did not exist; and the obvious use of words of art for an artificial evasion of sovereign immunity, leads the Court to believe that the action should be dismissed. *See Lawhorne v. Harlan*, 214 Va. 405, 200 S.E.2d 569, 572 (1973).

Such a disposition is especially appropriate when plaintiff fails to refute the arguments advanced by Kirkpatrick. Nevertheless, the Court will allow plaintiff 10 days within which to file an amended complaint against Dr. Kirkpatrick stating, under oath, the specific acts and omissions, not discretionary, which constitute "so negligence" on the part of Kirkpatrick.

And it is so ORDERED.

---

1. Such a panel consists of "three impartial attorneys and three impartial health care provid-ers . . . [and] one sitting judge of a circuit court. . . . " Va. Code § 8.01–581.3.