### Kenneth M. BROWNING

v.

### VECELLIO & GROGAN, INC.

#### No. 96–0667–R/B.

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

Nov. 26, 1996.

Carl E. McAfee, Gary G. Gilliam, McAfee, Bledsoe & Associates, P.C., Norton, VA, for plaintiff.

George W. Wooten, Michael Scott Fell, Wooten & Hart, Roanoke, VA, for defendant.

### OPINION AND ORDER

JONES, District Judge.

In this diversity case, the defendant has moved to dismiss on the ground that the action against it is barred by the doctrine of sovereign or governmental immunity. The plaintiff claims that he was injured in a ditch left negligently uncovered by the defendant. The defendant contends that since it is alleged by the plaintiff that the construction of the ditch was pursuant to a contract between the defendant and the Virginia Department of Transportation, a state agency, the defen-

---

dant therefore shares the State's immunity from suit under Virginia law. However, since the facts may show that the defendant was an independent contractor, I must deny the motion to dismiss.

## I

The plaintiff, Kenneth M. Browning ("Browning"), filed suit in the Circuit Court of Wise County, Virginia, against Vecellio & Grogan, Inc. ("V & G") alleging that on November 5, 1993, he had suffered personal injuries while "attempting to reach his property" located in the City of Norton, Virginia. He claimed that V & G had, in the course of certain construction work in Norton pursuant to a contract with the Virginia Department of Transportation, left a ditch uncovered near Browning's property, and that his injuries were a result of V & G's "wilful and gross [sic] negligent acts." He sought a jury trial and money damages against V & G.

■ V & G removed the case to this court pursuant to 28 U.S.C. § 1441(a), on the ground of diversity of citizenship, and filed its motion to dismiss under Fed.R.Civ.P. 12(b)(6).[1] The parties have briefed the issues and presented oral argument. Browning has moved to amend his suit to plead only simple negligence against V & G, and thus disclaim any effort to plead and prove gross negligence or an intentional act as a proximate cause of his injuries.[2]

## II

■ In considering a motion to dismiss for failure to state a claim, I must construe the allegations of the complaint liberally. "In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (Black, J.). In fact, there is even no requirement that any particular legal theory be pleaded. All that is required is a "short and plain statement of the claim." Fed. R.Civ.P. 8(a). This means that dismissal under Fed.R.Civ.P. 12(b)(6) is limited to "the extraordinary case where the pleader makes allegations that show on the face of the complaint some insuperable bar to relief." Wright, *Law of Federal Courts* § 68 (West 1994).

## III

■ It is settled law in Virginia that except where it consents, the State cannot be sued for its torts. This immunity has been extended to employees of the State under certain circumstances, at least where only simple negligence is involved. *See Lee v. Bourgeois,* 252 Va. 328, 477 S.E.2d 495 (1996); *Messina v. Burden,* 228 Va. 301, 321 S.E.2d 657 (1984); *James v. Jane,* 221 Va. 43, 282 S.E.2d 864 (1980).

■ Here, however, it is possible that V & G was an independent contractor, and as such, would not share the State's immunity. *See Elizabeth River Tunnel District v. Beecher,* 202 Va. 452, 117 S.E.2d 685, 689–90 (1961); *Boyd, Higgins & Goforth, Inc. v. Mahone,* 142 Va. 690, 128 S.E. 259, 262–63 (1925). While the plaintiff does not expressly aver that V & G was an independent contractor, he does not allege to the contrary. In fact, he asserts that V & G's work was pursuant to "contract" with the Virginia Department of Transportation which likely means that V & G was an independent contractor. In any event, under federal notice pleading, since it is possible that the facts

---

1. The motion to dismiss also contended that the action "may be barred by the applicable statute of limitations" but that issue was not briefed or argued and no ruling is made on it. The brief in support of the motion to dismiss also argued that any claim of intentional infliction of emotional distress was inadequately pleaded, but in his brief, the plaintiff represented that he did not intend to assert such a cause of action. Accordingly, I make no ruling on that issue.

2. Since it is more favorable to the defendant's position on the motion to dismiss, I will assume for the sake of argument that only simple negligence is claimed in this case. It is clear that sovereign immunity in Virginia is not applicable in claims against state employees alleging gross negligence or intentional torts. *See Irshad v. Spann,* 543 F.Supp. 922, 928 (E.D.Va.1982).

will show such status, the plaintiff's pleading is not defective.

V & G cites *Sayers v. Bullar*, 180 Va. 222, 22 S.E.2d 9 (1942), in support of its argument that even independent contractors for the State are immune from suit. In *Sayers*, the defendants constructed a pipeline to supply a state fish hatchery and in doing so, set off blasting in rock which destroyed the plaintiff's spring on his land. The Virginia Supreme Court held that under the circumstances the defendants, as "agents" of the State, were immune from suit, since there was no allegation that they acted negligently. 22 S.E.2d at 13. Without an allegation of negligence or otherwise claiming that the contractors acted outside of their authority from the State, they stood "as lawful and proper agents of the State and not in their own individual right." 22 S.E.2d at 12. Accordingly, they were immune from suit.

In the present case, a claim of negligence is made, and thus the holding of *Sayers* is inapplicable.

Under similar circumstances, the Virginia Supreme Court has held that an independent contractor for the State is immune in the absence of negligence where the claim was based on common law nuisance, *Finley v. Waddell*, 207 Va. 602, 151 S.E.2d 347, 350 (1966), or strict liability for blasting, *V.N. Green & Co. v. Thomas*, 205 Va. 903, 140 S.E.2d 635, 637 (1965). There, as in *Sayers*, the acts complained of were inseparable from the exercise of the State's legitimate authority, and thus the State's immunity was properly applied. Those decisions do not apply to this case, based on negligence.

V & G also contends that the Virginia Tort Claims Act, Va.Code Ann. §§ 8.01–195.1 *et seq.* (Michie 1992), provides Browning with his remedy in this case. But the Virginia Tort Claims Act only abrogates the State's own immunity for negligence by its employees acting within the scope of their employment and specifically preserves the immunities enjoyed by those employees. *See Lohr v. Larsen*, 246 Va. 81, 431 S.E.2d 642, 643 n. 1 (1993). Nothing in the Act's terms requires those injured by negligence to forego their common law remedies against individuals.

In summary, on the present pleadings, there is no basis for a dismissal on the ground of sovereign immunity. The plaintiff will be allowed leave to amend his initial pleading if he desires to do so.

Accordingly, it is **ORDERED** as follows:

1. The motion to dismiss (Doc. No. 2) is denied; and

2. The plaintiff's motion to file an amended complaint (Doc. No. 11) is granted.