## CIRCUIT COURT OF ALBEMARLE COUNTY

Fender

v.

Cendana et al.

January 26, 1998

Case No. (Law) CL96-6844

BY JUDGE PAUL M. PEATROSS, JR.

This matter comes before the Court on Defendant, Dr. Cendana's, Plea of Sovereign Immunity. Arguments on the Plea were heard before the Court on December 5, 1997.

*Background*

On January 20, 1995, Mr. Fender (Plaintiff) was admitted to Blue Ridge Hospital in Charlottesville, Virginia, for psychiatric treatment following an attempted suicide. On admission, Dr. Cendana was the resident physician assigned to care for the Plaintiff. While providing treatment to the Plaintiff, Dr. Cendana was supervised by the attending physician overseeing the treatment of the Plaintiff, Dr. Hobbs.

Dr. Cendana provided psychiatric care to Plaintiff during the period from January 20 to February 2, 1995. In the course of providing this case, Plaintiff contends that Dr. Cendana acted negligently by establishing a personal relationship with the Plaintiff. This personal relationship is alleged to have continued during the Plaintiff's first admission and during a second hospitalization from February 22 to March 1, 1995.

Dr. Cendana was a 1992 graduate of West Virginia University School of Medicine. After graduation, Dr. Cendana completed a two-year residency in pediatrics and internal medicine in Charleston, West Virginia. Subsequently, Dr. Cendana began a psychiatry residency at the University

of Virginia Health Sciences Center. The purpose of this residency was to train residents in the practice of psychiatric medicine. His first rotation working full time with in-patient psychiatry patients began in January, 1995.

Plaintiff alleges that Dr. Cendana negligently violated the standard of care of a reasonably prudent psychiatrist in his treatment by violating the boundaries between psychiatrist and patient when he entered a personal relationship with Plaintiff. Plaintiff argues the knowledge that violating the doctor-patient boundary was, or should have been, known to be unprofessional and that such activity could not be construed as valid scientific research or clinical investigation. The Plaintiff also alleges that these actions amount to gross negligence, although gross negligence is not pleaded as such in the Motion for Judgment. For these reasons, Plaintiff contends Dr. Cendana's conduct places him outside the protection of sovereign immunity.

Dr. Cendana contends that he is protected by sovereign immunity since he is employed by the Commonwealth as a resident in a psychiatric training program under the direct supervision and control of attending physicians.

## Question Presented

Under Virginia law, are violations of the psychiatrist-patient boundary by the psychiatrist, manifested by forming personal relationships with a patient while the patient is undergoing treatment by the psychiatrist, sufficient to forfeit the protection of sovereign immunity or to constitute gross negligence?

## Discussion of Authority

Virginia courts have evolved a four-pronged test which governs the granting of sovereign immunity to state employees. *Messina v. Burden*, 228 Va. 301 (1984). The factors the court must consider in the analysis are:

1. the nature of the function performed by the employee;
2. the extent of the state's interest and involvement in that function;
3. the degree of control and direction exercised by the state over the employee, and;

4. whether the act complained of involved the use of judgment and discretion.

*Messina*, 228 Va. at 313.

The burden is on the party claiming sovereign immunity to satisfy each and every element of the test, or the party will be denied sovereign immunity. *James v. Jane*, 221 Va. 43 (1980). Additionally, if the state employee performs outside the scope of his employment or his performance is grossly negligent, the employee falls outside the protection of sovereign immunity. *James*, 221 Va. at 52-53; *Sayers v. Bullar*, 180 Va. 222 (1942).

The courts of Virginia have applied these criteria on several occasions. In *James*, the court found the defendant doctors were acting outside the scope of their state agency and were more akin to private contractors and denied their request for sovereign immunity. *James*, 221 Va. at 54. The same logic was applied by this Court in *Houchens v. University of Virginia*, 23 Va. Cir. 202 (1991). Sovereign immunity was also denied by this Court when no educational or research efforts were being served at the time of the plaintiff's injuries. *Deeds v. DeMercurio*, 30 Va. Cir. 532 (1991).

In contrast, sovereign immunity was granted to a medical research fellow involved in an experimental research program when the state had a high interest in advancing the frontiers of knowledge and the doctor exercised substantial discretion in the furtherance of that goal. *Gargiulo v. Ohar*, 239 Va. 209 (1990). Grants of sovereign immunity have also been given to medical interns who are under close control and supervision of their state-funded training programs and to doctors administering the control of the training programs. *Lawhorne v. Harlan*, 214 Va. 405 (1973); *see also, Lohr v. Larsen*, 246 Va. 81 (1993) (absolute control and supervision of the Commonwealth over state program and the exercise of substantial discretion by doctor in carrying out the program sufficient to grant sovereign immunity).

In the case at bar, the application of the four-prong test argues against a grant of sovereign immunity to Dr. Cendana. Dr. Cendana meets the control test since his training was under the control of the Commonwealth and its regulations. However, Dr. Cendana has failed to carry the burden of meeting the requirements of the remaining three elements.

## Nature of the Activity and State Interest

In this case, Dr. Cendana has admitted that he was exposed to the concept of psychiatrist-patient boundaries during medical school. Dr. Cendana claims that this introduction was purely in the academic setting and did not adequately inform him about the subject in the clinical setting. However, even though the introduction to the subject may not have prepared him for every eventuality he may encounter in the clinical setting, it is clear that every resident in Dr. Cendana's position should have known that establishing personal/romantic relationships with patients they treat is wrong. Furthermore, such conduct is not at all likely to have educational value to Dr. Cendana or scientific-research value to the training program. Therefore, the state's interest in protecting activities of this nature is slight.

## Discretion and Judgment

The decision whether or not to enter into a personal relationship with the Plaintiff was one which required no discretion or judgment; it was simply forbidden. As stated above, any resident in Dr. Cendana's position is expected to know such conduct cannot be permitted. By engaging in such conduct, Dr. Cendana cannot claim the cloak of sovereign immunity as a defense to that conduct.

Therefore, the Court concludes that the conduct of Dr. Cendana in violating the psychiatrist-patient boundary was sufficient to forfeit his right to sovereign immunity. The Court, therefore, does not address the question of whether this conduct constitutes gross negligence.

## Ruling

Therefore, the Court rules that Defendants' Plea of Sovereign Immunity be denied for the reasons stated above.